### SANBORNTON *v.* TILTON & A.

The amount awarded to the several towns in this state by the state commissioners, under the reimbursement acts, so called, was designed to be in the nature of, and to be treated as, a debt due from the state to the towns for a portion of the amount expended by the towns in furnishing men for the service of the United States in the late war.

Hence, when a town had been divided after the men had been furnished and after the war was over, the legislature took no notice of this change, but awarded the whole amount to the old town, which furnished the men.

The act, dividing the town of Sanbornton in 1869, provided that all property and "all debts, claims, and demands of every kind, now owned by and due to the town of Sanbornton, * * should be divided between the two new towns in a certain proportion. *Held*, that the amount assigned to the old town under the "reimbursement acts," so called, of 1870 and 1871, should be divided in the same proportion between the new towns.

And, as the act of division provided that the county commissioners should make such divisions between the new towns—*Held*, that a bill in equity brought in this court to procure such division, in the first instance should be dismissed.

When the county commissioners have in such a case, upon proper application, heard the parties and made their report, their decision is final and conclusive, and can only be inquired into by this court on the ground of fraud, partiality, or other misconduct of the commissioners, or some irregularity in their proceedings.

### TO THE SUPREME JUDICIAL COURT—BELKNAP SS.

The town of Sanbornton, in said county, complains against Solon A. Carter, of Concord, in the county of Merrimack, treasurer of the state of New Hampshire, and the town of Tilton, in said county of Belknap, and says, that, by virtue of the act of the legislature of said state, passed at the June session, 1870, entitled "An act to authorize a reimbursement of the municipal war expenses," and of the act in addition thereto, passed at the June session, 1871, there was found due to said town of Sanbornton towards said reimbursement the sum of $22,483.33, which sum is now in the possession of the said Solon A. Carter, treasurer as aforesaid, and stands, by the report of the commissioners appointed under said acts, as due to the said town of Sanborton.

That the said town of Tilton wrongfully claims that $12,365.83 of said sum of $22,483.33 legally belongs to said Tilton ; that said Tilton has demanded the same of said Carter, treasurer as aforesaid, and that

said Carter illegally threatens to pay over and deliver to said Tilton said sum of $12,365.83.

Wherefore the said town of Sanbornton prays that the said Solon A. Carter, treasurer of the state of New Hampshire, be restrained by injunction of this honorable court from paying over to said town of Tilton said sum of $12,365.83, or any part of said sum of $22,483.33; and that said town of Tilton be restrained by injunction from receiving the same, and for such other relief as may be just.

The town of Sanbornton, by *Eastman, Page & Albin*, their solicitors.

### IN THE SUPREME JUDICIAL COURT—BELKNAP SS.

#### THE TOWN OF SANBORNTON v. THE TOWN OF TILTON.

To MR. CHIEF JUSTICE SARGENT:

The town of Sanbornton prays that the injunction sought in the foregoing bill be granted by the said chief justice, the said bill having been duly filed, and the said court not being in session.

Town of Sanbornton, by *Eastman, Page & Albin*, their solicitors.

Upon the petition for a temporary injunction, in June, 1873, a hearing was had, and the following facts were proved:

In 1869, the town of Sanbornton was divided into two towns, Sanbornton and Tilton. In that division, Sanbornton was to have $\frac{45}{100}$ of of all the town property, and was to assume the same proportion of the town debts, as they then existed, and Tilton was to have $\frac{55}{100}$ of the town property, and pay the same proportion of the existing town debts. Nothing was said about any claim upon the state specifically. The proportion of property and of debts that should be assigned to each was a matter of compromise when the town was divided.

After the passage of the "reimbursement acts," so called, of 1870 and 1871, upon an exhibition to the commissioners appointed by the state for that purpose, of the number of men furnished by the old town of Sanbornton for the United States service during the war of the rebellion, an award was made to Sanbornton of $22,483.33, and no award was made to the new town of Tilton. The award in every case was made to the town that furnished the men; and where such town had been divided after the men were furnished, and before the award was made, the whole amount was awarded as though no division had been made.

Tilton applied to the court by bill in equity for $\frac{55}{100}$ of the award, and the court dismissed the bill for want of jurisdiction, holding that, under the law by which the town was divided, the application must first be made to the county commissioners to make the division. Application was thereupon made by the town of Tilton to the county commissioners of Belknap county to make a division of this award between the new towns, and they, after hearing the parties, decided that Tilton was entitled to receive $\frac{55}{100}$ and Sanbornton $\frac{45}{100}$ of said award, and made report accordingly.

Thereupon this bill was filed by the new town of Sanbornton to p vent Tilton from obtaining the amount awarded them by the coui commissioners, the plaintiff claiming,—

1. That there was no property here which had an existence at t time of the division in 1869, which the county commissioners cou divide; and

2. The award by the state commissioners was to Sanbornton aloi and that Tilton has no right to interfere with it; that legislative acti is necessary before that town can receive any of the bonds or moi under the reimbursement acts.

The hearing upon the petition for the temporary injunction was journed into this court, at its June law term, for the decision of 1 whole court.

*Eastman, Page & Albin*, for Sanbornton.

*Pike & Blodgett* and *Barnard & Sanborn*, for Tilton.

SARGENT, C. J. A bill in equity was entered at the term in Belki county, in September, 1872, in favor of the town of Tilton, and agai the town of Sanbornton and said Carter, asking the court to divide money in Carter's hands between the two towns, and give Tilton just and rightful share; to which the town of Sanbornton answer making the same claim substantially which she makes in this ca Questions of law were raised and reserved, and heard at the law tei in December last (1872), and the bill was dismissed upon the grou that the act of 1869, chapter 58, dividing the town of Sanbornt provided a tribunal which should hear and determine all disputes t might arise between the two towns in this matter; and that the legii ture having appointed the tribunal that should decide and settle si questions, the court had no jurisdiction of the matter, at least in first instance.

The provisions of the act, by which the town of Sanbornton v divided, are as follows: " All real and personal property, including debts, claims, and demands of every kind now owned by and due to town of Sanbornton, all school and other funds belonging to said tov and the proportion of the literary fund which, until a new apporti ment of state taxes, shall be payable to said towns, shall be divic between them in the proportion of $4.50 to Sanbornton, and $5.50 Tilton; and if said towns cannot agree upon the division of any su property, the county commissioners of the county of Belknap for 1 time being, upon the request of either town, may make division of 1 same; or assign the same, or any part thereof, to either of said towi and may order the town, to which such property may be assigned, pay over such sums of money to the other town as in their opinion equitable, according to the foregoing proportion, and may fix the ti of payment." It is also provided that when either town shall call a division of the paupers, if they cannot agree upon a division, se

ommissioners shall divide them; and assign to each town its propo:
ion of such paupers according to the same basis as that provided fc
ie division of town property, and shall determine which of said pai
ers shall be supported by each of said towns.

The reimbursement act, so called, of 1870, chapter 12, was entitle
An act to authorize a limited reimbursement of the municipal wa
xpenditures," and the court did not doubt that the legislature intende
hat this award of the state commissioners to the several towns shoul
e as the title to the act indicated, in the nature of a repayment, so fai
? the war debt of such towns; and as this war debt had been dividec
tween the two new towns, according to the ratio prescribed in th
t, that is, $5.50 to Tilton and $4.50 to Sanbornton, and had bee
signed to and assumed by the towns in that proportion, it seemed
st and equitable, if this debt was to be repaid in any part, that i
ould be repaid to the towns in the same proportion in which they had
sumed the debt which was thus repaid; and the fact that in such
ses the legislature made the award wholly to the old town, which
rnished the men for the army, without noticing the subsequent divi-
n, makes it evident that they intended the money or bonds thus as-
gned and delivered in part payment of this debt should be considered
property of the old town, which should be divided between the new
wns according to the rule prescribed or agreed on for the division of
e property belonging to, and the debts or claims due to, the old town.
ie court having no doubt that such was the intention of the legislature,
d that this was to be considered in the nature of a claim due to the
d town from the state, dismissed the former bill brought by the town
Tilton, and sent the town to the county commissioners, who had been
ade by the legislature the tribunal to settle such questions.

Since that bill was dismissed, the town of Tilton has called upon the
unty commissioners, who have had a hearing, and have decided the
estion submitted to them, and have made their report,—they finding
at the town of Tilton is entitled to recover the amount which they
im, and the town of Sanbornton the residue, and have ordered the
me to be paid over accordingly. They have reserved no questions
law for the consideration of the court, nor have they asked the
inion of the court upon any subject; but they have settled, or under-
ken to settle, the whole matter, both the law and the fact, and we
ink their decision is final and conclusive. They have been made, by
ie legislature, the arbiters between the towns in cases of disagreement.
o appeal is given from their decision; no rehearing is provided for.
heir decision, within the scope of their authority as conferred by the
t, would have the same effect as a legislative enactment. No sug-
stion is made that the county commissioners acted corruptly, or
rtially, or in any way improperly. No fault is found with the form
their proceedings. All parties were properly notified, and every-
dy was fully heard that desired to be heard, and the commissioners
ve in good faith come to their conclusion and reported their deci-
n. We think this report must be conclusive, until it is impeached on

account of some fraud, partiality, or other misconduct on the part of the commissioners, or some irregularity in their proceedings. But, as ... of these things are pretended in this case, we think the applica- tion for a temporary injunction must be denied; and unless an en- tirely new and different case can be made before the court, from the one made before me, it would seem of little use to proceed further with this bill. *Injunctio denied.*